J-S81019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARTIN LOUIS KNECHT | |
| Appellant | No. 385 EDA 2016 |

Appeal from the PCRA Order February 1, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000302-1977
CP-15-CR-0000303-1977

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                **FILED MARCH 13, 2017**

Martin Louis Knecht appeals from the February 1, 2016 order of the Chester County Court of Common Pleas granting partial relief on his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Knecht, who had been sentenced to a mandatory sentence of life without parole, sought relief pursuant to **Miller v. Alabama**, 132 S.Ct. 2455 (2012), which held that the imposition of such sentences for juvenile offenders was unconstitutional.  Without conducting a resentencing hearing or imposing a minimum sentence, the trial court "[c]orrected" Knecht's judgment of sentence to reflect that he was sentenced to "life in prison, with

_____

[*] Former Justice specially assigned to the Superior Court.

the possibility of parole."[1] Order, 2/15/16, at 1. Based on settled precedent from our Supreme Court, we reverse the order, vacate the judgment of sentence, and remand for the trial court to conduct a resentencing hearing pursuant to **Miller** and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).

On July 2, 1977, a jury convicted Knecht of second-degree murder, robbery, theft by unlawful taking or disposition, and criminal conspiracy.[2] On July 21, 1981, the trial court sentenced Knecht, who was 16 years old at the time of the offense, to life imprisonment without the possibility of parole for the second-degree-murder conviction and concurrent sentences of 10 to 20 years' imprisonment for the robbery conviction and 5 to 10 years' imprisonment for the conspiracy conviction. On June 29, 1984, this Court affirmed the judgment of sentence.

Knecht filed unsuccessful post-conviction petitions in 1985, 1989, 1997, and 2010. On July 20, 2012, Knecht filed a *pro se* PCRA petition arguing that his sentence of life imprisonment without the possibility of parole was unconstitutional pursuant to **Miller**. On July 31, 2012, the trial court issued an order stating its intention to grant the PCRA petition, vacate

---

[1] The original record contains only documents filed on or after January 27, 2016 – that is, the consolidated motion to vacate stay, to vacate unconstitutional sentence, and for bail pending litigation, and later documents. We have gathered additional information and dates from the docket and a prior opinion from this Court.

[2] 18 Pa.C.S. §§ 2502(b), 3701, 3921, and 903, respectively.

the sentence of life imprisonment without the possibility of parole, and impose a sentence of life imprisonment with the possibility of parole. The Commonwealth requested a stay or an extension of time to answer the PCRA petition. On September 17, 2012, the PCRA court entered a stay "pending the decision of the Pennsylvania Supreme Court in the cases of **Commonwealth v. Batts**[3] and **Commonwealth v. Cunningham**,[4] argued on September 12, 2012."

On October 30, 2013, the Pennsylvania Supreme Court issued its decision in **Commonwealth v. Cunningham**, 81 A.3d 1, 10-11 (Pa. 2013), holding that **Miller** did not apply retroactively to cases on collateral review. Neither Knecht, the Commonwealth, nor the PCRA court took steps to address the stay following the issuance of the **Cunningham** decision. On January 25, 2016, the United States Supreme Court issued its decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which held that **Miller** applied retroactively to cases that were final at the time **Miller** was decided.

On January 27, 2016, Knecht filed a consolidated motion to vacate stay, to vacate unconstitutional sentence, and for bail pending litigation. On February 1, 2016, the PCRA court issued an order "correct[ing]" Knecht's

---

[3] **Commonwealth v. Batts**, 981 A.2d 1283 (Pa. 2009) (granting petition for allowance of appeal).

[4] **Commonwealth v. Cunningham**, 51 A.3d 178 (Pa. 2012) (granting petition for allowance of appeal).

sentence to reflect that he was now sentenced to "life in prison, with the possibility of parole." Order, 2/15/16, at 1. The order, which did not include a minimum sentence, further stated that Knecht "may file an application for parole with the Pennsylvania Board of Probation and Parole." *Id.*

On February 2, 2016, Knecht filed a timely notice of appeal. Knecht raises the following issues on appeal:

> 1. Did the lower court err in acting without a hearing and without providing an opportunity for argument, allocution and the presentation of evidence when the court purported to "clarify" an unconstitutional sentence in a way not authorized by law?
>
> 2. Did the lower court usurp the legislative function and rewrite sentencing provisions in "clarifying" a sentence in a way not authorized by law, and in derogation of clear legislative intent, when it purported to make defendant eligible for parole?
>
> 3. Did the lower court err in concluding that it had judicial authority to grant the Parole Board discretionary authority to release on parole an inmate who is serving life imprisonment, and in purporting to make appellant eligible for parole, where existing Pennsylvania statutes prohibit the grant of parole to a person serving a life-sentence?

Knecht's Br. at 4. Because Knecht's issues are related, we will address his arguments together.

Knecht's arguments, while not lining up neatly with his statement of issues, are essentially twofold. He first alleges a process error – he was wrongly denied a resentencing hearing required by controlling authority in both the United States Supreme Court and our Supreme Court. Second, he alleges a substantive error – because the statute under which he was

sentenced for second-decree murder is unconstitutional, and because there is no other valid statute on which to base this aspect of his sentence, he should be released forthwith. As set forth more fully below, we agree with Knecht's first claim, and thus remand for a resentencing hearing, but disagree with his second claim.

As to process, *Miller* and *Batts* provide that juvenile offenders serving an unconstitutional sentence of life without parole are entitled to a resentencing hearing at which the sentencing court must take into account a list of age-related factors, set forth in *Miller*, designed to insure that each offender receives an appropriately individualized sentence. Accordingly, Knecht correctly argues that the trial court erred by "correcting" his sentence without such a hearing. *Batts*, 66 A.3d at 297 (finding appropriate remedy for a juvenile defendant who was sentenced to life imprisonment without possibility of parole is remand for resentencing where trial court will impose minimum sentence after considering appropriate age-related factors); *Commonwealth v. Mitchell*, 135 A.3d 1097, 1109 (Pa.Super. 2016) (remanding for resentencing where juvenile defendant not sentenced to mandatory term of life imprisonment without parole, but where trial court failed to consider the age-related factors before imposing sentence); *see*

*also* Commonwealth's Br. at 40 (agreeing Knecht entitled to resentencing hearing).[5]

In contrast, Knecht's broader contention that he may not be resentenced at all, and instead must be released because he has already completed his valid sentences for the underlying felonies, is without merit. Knecht's complaint in this regard has several strands, but reduces to this: because the statutory scheme under which he was sentenced is unconstitutional (for imposing mandatory life without parole on juveniles), and because the legislature has failed to adopt a substitute sentencing scheme that applies to Knecht,[6] there is no valid statutory provision under

---

[5] As Knecht further argues, and as the trial court acknowledged in its 1925(a) opinion, the court needs to impose a minimum sentence in order to render Knecht eligible for parole. The Prisons and Parole Code provides that the Parole Board may exercise its discretion to grant parole "only after[] the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Board of Pardons in a sentence which has been reduced by commutation." 61 Pa.C.S. § 6137(3). Similarly, the Parole Board may not release on parole any inmate "condemned to death or serving life imprisonment." 61 Pa.C.S. § 6137(a)(1).

[6] On October 25, 2012, the Governor signed into law a new sentencing scheme applicable to juveniles convicted of murder. *See Batts*, 66 A.3d at 293. For juveniles convicted of second-degree murder after June 24, 2012, the statute provides:

> (1) A person who at the time of the commission of the offense was 15 years of age or older shall be sentenced to a term of imprisonment the minimum of which shall be at least 30 years to life.

> (2) A person who at the time of the commission of the offense was under 15 years of age shall be sentenced to a

*(Footnote Continued Next Page)*

which he may be properly resentenced. While this argument may hold superficial appeal, it is foreclosed by decisions of both our Supreme Court and this Court.

In **Batts**, the Pennsylvania Supreme Court held that **Miller** did **not** render the entire Pennsylvania sentencing scheme for first-degree murder unconstitutional as applied to juveniles. 66 A.3d at 295. The **Batts** Court reasoned that the statutory provision mandating a sentence of life without parole for first-degree murder, 18 Pa.C.S. § 1102(a), is unconstitutional "only when that mandate becomes a sentence of life-without-parole as applied to a juvenile offender—which occurs as a result of the interaction between Section 1102, the Prisons and Parole Code, **see** 61 Pa.C.S. § 6137(a)(1), and the Juvenile Act, **see** 42 Pa.C.S. § 6302." **Batts**, 66 A.3d at 295-96.[7] The Court further stated:

_____
(Footnote Continued) ─────────────

       term of imprisonment the minimum of which shall be at least 20 years to life.

18 Pa.C.S. § 1102.1(c).

[7] In **Commonwealth v. Mitchell**, this Court similarly found:

       Contrary to Appellant's argument at sentencing, there did exist statutory authority to sentence him. Specifically, under the then-applicable version of 18 Pa.C.S. § 1102(b), Appellant was to be given life imprisonment. However, that statute's interplay with 61 Pa.C.S. § 6137(a), which mandated no opportunity for parole, was no longer constitutionally sound.

135 A.3d 1097, 1109 n.8 (Pa.Super. 2016).

- 7 -

> *Miller* neither barred imposition of a life-without-parole sentence on a juvenile categorically nor indicated that a life sentence with the possibility of parole could never be mandatorily imposed on a juvenile. Rather, *Miller* requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile.

*Id.* at 296 (internal citations omitted). The Court concluded that the appropriate remedy for a juvenile defendant who was sentenced to life imprisonment without the possibility of parole is a remand for resentencing where the trial court will impose a minimum sentence[8] after considering appropriate age-related factors.[9]

Here, Knecht, who was a juvenile at the time of the offense, was sentenced to a mandatory term of life imprisonment without the possibility of parole. Following the United States Supreme Court's decisions in *Miller* and *Montgomery*, the trial court "clarified" Knecht's sentence to reflect that

_____

[8] The Prisons and Parole Code provides that the Parole Board "may parole subject to consideration of guidelines established under 42 Pa.C.S. § 2154.5 (relating to adoption of guidelines for parole) and may release on parole any inmate to whom the power to parole is granted to the board by this chapter, except an inmate condemned to death or serving life imprisonment. . . ." 61 Pa.C.S. § 6137(a)(1). Further, the Parole Board may exercise its discretion to grant parole "only after[] the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Board of Pardons in a sentence which has been reduced by commutation." 61 Pa.C.S. § 6137(3).

[9] Although the appellant in *Batts* was convicted of first-degree murder, the analysis regarding whether the statutory scheme is unconstitutional also is applicable to second-degree murder convictions.

Knecht was sentenced to life imprisonment with the possibility of parole. The trial court, however, did not impose a minimum sentence and it issued the new sentence without the benefit of a resentencing hearing.[10]  Pursuant to **Batts**, the trial court was required to hold a hearing and consider the appropriate age-related factors, prior to resentencing Knecht and imposing a minimum sentence.  **See Mitchell**, 135 A.3d at 1108-09; **Batts**, 66 A.3d at 297; **see also** 63 Pa.C.S. § 6137 (parole board lacks authority to parole inmate until inmate has served minimum sentence).

Therefore, we must reverse and remand to the trial court to conduct a resentencing hearing, where the court shall consider the appropriate age-related factors when resentencing Knecht.

Order reversed.  Judgment of sentence vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017

_____

[10] In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court states that it would have amended its order to reflect that Knecht was sentenced to time served to life imprisonment.  However, the trial court was required to conduct a hearing prior to resentencing Knecht.